UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DOUGLAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEREZ,<br><br>　　　　　Defendant. | Case No. 24-cv-03983-TSH<br><br>**ORDER GRANTING MOTION TO SUBSTITUTE COUNSEL**<br><br>Re: Dkt. No. 37 |

## I.　INTRODUCTION

Pending before the Court is Plaintiff James Douglas's Motion to Substitute Counsel. ECF No. 37. Stanley Goff, Plaintiff's current counsel of record, has indicated he "does not oppose Mr. Douglas's right to terminate his legal representation of him if that is what he wishes to do." ECF No. 39. The Court finds this matter suitable for disposition without oral argument and **VACATES** the April 24, 2025 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion.

## II.　BACKGROUND

Plaintiff, who is currently incarcerated, filed this 42 U.S.C. § 1983 case on July 1, 2024, represented by Stanley Goff. ECF No. 1. Mr. Goff remains his attorney of record.

On December 6, 2024, the parties informed the Court that Mr. Goff would be unable to participate in this case while he underwent rehabilitation for injuries. ECF No. 25. On February 25, 2025, Nicolette Glazer filed a form motion to substitute in as Plaintiff's attorney, indicating that Mr. Goff was notified but had not responded. ECF No. 28. Mr. Goff subsequently filed a response, stating he is "fully able to participate in this case" and that he had not been given any direct notice from Plaintiff that he retained Ms. Glazer to substitute in as his counsel. ECF No. 32.

As Ms. Glazer's motion did not comply with Civil Local Rule 7, the Court denied it without prejudice.

Plaintiff filed the present motion on March 13, 2025, stating he is "[u]nsatisfied with Mr. Goff's representation." Mot. at 3. Plaintiff states Ms. Glazer requested a copy of the client file on February 23, but Mr. Goff responded two days later to "notify" her that Plaintiff's spouse had signed a retention agreement containing a lien and stated that he would send "what he has" by February 28. Glazer Decl. ¶ 6, ECF No. 37. Ms. Glazer has not received the client file. *Id.* ¶ 7.

As part of his motion, Plaintiff included a signed confirmation in which he states: "I James Douglas, confirm that I no longer desire to be represented by Mr. Stanley Goff because of his failure to communicate, to respond to my inquiries, and to represent me with care. I have retained Nicolette Glazer to continue my representation." Glazer Decl., Ex. 3.

In his response, Mr. Goff states he had not been given any direct notice from Plaintiff that he retained Ms. Glazer to substitute in as his counsel. He states he "observed for the first time, a document produced by Ms. Glazer as exhibit 3 on March 13, 2025, which appears to be a signed notice from Plaintiff, indicating that he has terminated Stanley Goff's legal representation of him."

### III.   LEGAL STANDARD

"The replacement of one firm by another as counsel for a party is governed by Civil L.R. 11-5 and requires an order of the Court." Civ. L. R. 5-1(c)(2)(E). Thus, although Rule 11-5 refers to counsel's withdrawal from a case, the same provisions apply for substitutions of counsel.

In this District, the conduct of counsel "is governed by the standards of professional conduct required of members of the State Bar of California." *Cal. Native Plant Soc. v. E.P.A.*, 2008 WL 4911162, *1 (N.D. Cal. Nov. 14, 2008). California recognizes that "a client's power to discharge an attorney, with or without cause, 'is absolute.'" *Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395 (9th Cir. 1988) (quoting *Fracasse v. Brent*, 6 Cal. 3d 784, 790 (1972)). "Such a discharge does not constitute a breach of contract for the reason that it is a basic term of the contract, implied by law into it by reason of the special relationship between the contracting parties, that the client may terminate that contract at will. It would be anomalous and unjust to hold the client liable in damages for exercising that basic implied right." *Fracasse*, 6

1   Cal. 3d at 791.  Thus, a discharged attorney is limited to a claim against their client for recovery in

2   quantum meruit for the reasonable value of the services rendered.  *Id*. at 792

## IV.   DISCUSSION

Plaintiff has stated he no longer desires to be represented by Mr. Goff.  As Plaintiff's power to discharge him is absolute, the Court's inquiry ends there.  *See Optrics Inc. v. Barracuda Networks Inc.*, 2020 WL 1815690, at *2 (N.D. Cal. Feb. 28, 2020) (noting that a party's right to discharge their attorney is absolute and that "the analysis begins and ends with the fact that this is a client-driven decision."); *Red v. The Kroger Co.*, 2010 WL 4403086, at *1 (C.D. Cal. Sept. 2, 2010) (granting motion to terminate counsel, despite the fact that counsel "vigorously opposes its termination," because "a client's power to discharge an attorney, with or without cause, 'is absolute.'") (quoting *Fed. Savings & Loan Ins. Corp*., 838 F.2d at 395).  As the California Supreme Court has stated:

> The interest of the client in the successful prosecution or defense of the action is superior to that of the attorney, and he has the right to employ such attorney as will in his opinion best subserve his interest. The relation between them is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity or the judgment or the capacity of the attorney.... [A] client should have both the power and the right at any time to discharge his attorney with or without cause.

*Fracasse*, 6 Cal. 3d at 790.  This authority leaves little room for doubt that Plaintiff's desire to proceed through different counsel must be given effect.

To the extent Mr. Goff may be entitled to fees (and the Court makes no such ruling here), he may bring a claim against Plaintiff for recovery under quantum meruit.  *See Fracasse*, 6 Cal. 3d at 791-92.  In *Fracasse*, the California Supreme Court held that an attorney retained under a contingent fee agreement and then discharged with or without cause is to be compensated in the amount of the reasonable value of her services rendered to the time of discharge.  The Court also noted: "To the extent that such a discharge is followed by the retention of another attorney, the client will, in any event be required, out of any recovery, to pay the former attorney for the reasonable value of his services.  Such payment, in addition to the fee charged by the second attorney, should certainly operate as a self-limiting factor on the number of attorneys so

3

discharged." *Id*. at 791. The Court stated its ruling "preserve [s] the client's right to discharge his attorney without undue restriction, and yet acknowledge[s] the attorney's right to fair compensation for work performed." *Id*.; *see also Madirossian & Assoc., Inc. v. Ersoff*, 153 Cal. App. 4th 257, 272 (2007) ("It is well settled that a contingency fee lawyer discharged prior to settlement may recover in quantum meruit for the reasonable value of services rendered up to the time of discharge."); *Di Loreto v. O'Neill*, 1 Cal. App. 4th 149, 156–57 (1991) ("[Where] the contingent fee is insufficient to meet the quantum meruit claims of both discharged and existing counsel, the proper application of the *Fracasse* rule is to use an appropriate pro rata formula which distributes the contingent fee among all discharged and existing attorneys in proportion to the time spent on the case by each. Such a formula insures that each attorney is compensated in accordance with work performed, as contemplated by *Fracasse*, while assuring that the client will not be forced to make a double payment of fees."); *Marez v. Bassett*, 2011 WL 13213631, at *1 (C.D. Cal. Dec. 28, 2011) (finding former counsel was entitled to claim fees under the theory of quantum meruit, based on *Fracasse*).

## V.     CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to substitute counsel. The Clerk of Court is directed to remove Stanley Goff as counsel of record for Plaintiff James Douglas and to substitute Nicolette Glazer as Plaintiff's attorney of record. Pursuant to California Rule of Professional Conduct 1.16(e)(1), Mr. Goff shall promptly release to Plaintiff "all client materials and property."

**IT IS SO ORDERED.**

Dated: March 31, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

4